IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| A.W., a minor child, by and through JOHN DOE and JANE DOE, as Next Friends and Guardians, | ) ) ) ) | 8:14CV256 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA; NEBRASKA STATE PATROL; DOUG PETERSON, Attorney General of Nebraska; THOMAS SCHWARTEN, Superintendent of Law Enforcement and Public Safety for Nebraska State Patrol; PAUL WOOD, County Attorney for Red Willow County; and GENE MAHON, Sheriff Red Willow County, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

Plaintiffs have filed a motion requesting this court to certify the following question to the Nebraska Supreme Court:

Whether Neb. Rev. Stat. § 29-4003(1)(a)(iv), requiring any person who enters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States, applies to a minor that is required to register as a sex offender in another state that requires sex offender registration without public notification for juvenile adjudications.

(Filing No. 32.)  For the reasons discussed below, the motion will be denied.

The plaintiffs allege that "[a] petition was filed in the Juvenile Court of Anoka County, Minnesota in October of 2013 alleging criminal sexual conduct by Plaintiff A.W., which took place when [he] was 11 years old (Amended Complaint

(Filing No. 24), ¶ 29); that "Plaintiff A.W. was sent to live with Plaintiffs John and Jane Doe in Red Willow County, Nebraska, after allegations were initially made in August of 2013, ... [and he] has resided in Red Willow County, Nebraska, since that time" (*id.*, ¶ 30); that "[o]n or about July 18, 2014, Plaintiff A.W. was adjudicated delinquent for criminal sexual conduct in the Juvenile Court of Anoka County, Minnesota, and ordered, inter alia, to comply with Minnesota's predatory offender registration" (*id.*, ¶ 31); that "[o]n or about October 22, 2014, Plaintiff A.W. completed a Minnesota Predatory Offender Registration Form thereby completing his obligation for registration under Minnesota's PORA" (*id.*, ¶ 32); that "[p]ursuant to Minnesota's PORA, Plaintiff A.W. has not been subjected to public notification" (*id.*, ¶ 33); and that "[t]he State of Nebraska has notified Plaintiff A.W. that [he] is subject to Neb. Rev. Stat. § 29-4003(1)(a)(iv) of Nebraska's Sex Offender Registration Act including public notification pursuant to the state's Sex Offender website maintained by the Nebraska State Patrol" (*id.*, ¶ 34).[1] Although they do not specifically request this court to interpret the statute, the plaintiffs allege that "Nebraska's legislature did not intend Neb. Rev. Stat. § 29-4003(1)(a)(iv) to apply to juveniles" (*id.*, ¶ 36) because "[t]he State of Nebraska opted not to have juvenile offenders comply with sex offender registration and not to list juvenile offenders on its sex offender registry website" (*id.*, ¶ 22).[2]

The Nebraska Supreme Court "may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, or

---

[1] In Minnesota, a person who "was charged with or petitioned for a felony violation of [criminal sexual conduct] ... and convicted of or adjudicated delinquent for that offense" must register. Minn. Stat. § 243.166.1b(a)(1)(iii). However, registration data concerning persons who are "required to register based solely on a delinquency adjudication" is not publicly disclosed because they are not considered "predatory offenders" for notification purposes. *See* Minn. Stat. §§ 243.166.7(a), 244.052.1(5)).

[2] The premise for the plaintiffs' allegation is not entirely true. Juvenile sex offenders in Nebraska are required to register if "they are found guilty in adult court." *See* Nebraska Sex Offender Registry website, www.sor.nebraska.gov/FAQ.

a United States District Court, when requested by the certifying court, if there are involved in any proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Neb. Rev. Stat. § 24-219; *see Keller v. City of Fremont*, 790 N.W.2d 711, 712 (Neb. 2010) ("Under § 24–219, this court may answer certified questions when (1) a proceeding before the federal certifying court involves a question of state law which may be determinative of the pending cause and (2) the certifying court believes that there is no controlling precedent in the state."). Whether to certify a question of state law "is a matter addressed to the discretion of the district court." *Packett v. Stenberg*, 969 F.2d 721, 726 (8th Cir. 1992), citing *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).[3]

"Like abstention, certification 'is appropriate in those circumstances where the state statute is susceptible of an interpretation that "would eliminate the constitutional issue and terminate the litigation."'" *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 151 (2d Cir. 2001), quoting *Tunick v. Safir*, 209 F.3d 67, 75 (2d Cir. 2000), in turn quoting *Baggett v. Bullitt*, 377 U.S. 360, 377 (1964). "But the U.S. Supreme Court has held that federal courts are not required to obtain a state court's construction of a state statute or ordinance before deciding a federal constitutional challenge to the law and should not certify such question unless the law is fairly susceptible to a narrowing construction." *Keller*, 790 N.W.2d at 712, citing *Stenberg v. Carhart*, 530 U.S. 914 (2000); *Houston v. Hill*, 482 U.S. 451 (1987). "Also, the Court has held that it is 'manifestly inappropriate to certify a question in a case where ... there is no uncertain question of state law whose resolution might affect the pending federal claim.'" *Id.*, quoting *Houston*, 482 U.S. at 471. "[A]bsent a close question of state law or a lack of state guidance, a federal court should determine all the issues before it." *Anderson v. Hess Corp.*, 649 F.3d 891, 895 (8th Cir. 2011).

---

[3] However, the Nebraska Supreme Court is not obligated to answer a certified question; it has "absolute discretion" accept or reject the federal court's request. Neb. Rev. Stat. § 24-219; *Keller*, 790 N.W.2d at 712.

-3-

The first prong of the two-part test for certification appears satisfied in this case because the question of state law the plaintiffs pose "may be determinative" of their constitutional claims. That is, if the Nebraska Supreme Court were to answer the question in the negative, then, based on the allegations of the complaint, A.W. would not be required to register as a sex offender under Neb. Rev. Stat. § 29-4003(1)(a)(iv) and there would be no factual basis for the plaintiffs' constitutional challenges to the statute.[4] It must next be determined whether controlling precedent exists.

The Nebraska Sex Offender Registration Act (SORA) applies to any person who on or after January 1, 1997:

(i)     Has ever pled guilty to, pled nolo contendere to, or been found guilty of any of the following:

(A)     Kidnapping of a minor pursuant to section 28-313, except when the person is the parent of the minor and was not convicted of any other offense in this section;

(B)     False imprisonment of a minor pursuant to section 28-314 or 28-315;

(C)     Sexual assault pursuant to section 28-319 or 28-320;

(D)     Sexual assault of a child in the second or third degree pursuant to section 28-320.01;

(E)     Sexual assault of a child in the first degree pursuant to section 28-319.01;

---

[4] The plaintiffs allege that requiring A.W. to register as a sex offender in Nebraska would (1) "constitute cruel and unusual punishment in violation of the Eighth Amendment to the U. S. Constitution and Article I, section 9 of Nebraska's Constitution" (Amended Complaint (Filing No. 24), ¶ 38); (2) "violate [his] right to equal protection of the laws contrary to the Fourteenth Amendments [*sic*] to the U. S. Constitution and Article I, section 3 of Nebraska's Constitution" (*id.*, ¶ 40); (3) "violate [his] right to procedural and substantive due process in violation of the Fifth and Fourteenth Amendments to the U. S. Constitution and Article I, section 3 of Nebraska's Constitution (*id.*, ¶ 42); and (4) "constitute a violation of the privileges and immunities clause of the Article IV, Section 2, Clause 1 of the U. S. Constitution and Article I, section 16 of Nebraska's Constitution" (*id.*, ¶ 44).

(F)    Sexual abuse of a vulnerable adult pursuant to subdivision (1)(c) of section 28-386;

(G)    Incest of a minor pursuant to section 28-703;

(H)    Pandering of a minor pursuant to section 28-802;

(I)    Visual depiction of sexually explicit conduct of a child pursuant to section 28-1463.03 or 28-1463.05;

(J)    Knowingly possessing any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers pursuant to section 28-813.01;

(K)    Criminal child enticement pursuant to section 28-311;

(L)    Child enticement by means of an electronic communication device pursuant to section 28-320.02;

(M)    Debauching a minor pursuant to section 28-805; or

(N)    Attempt, solicitation, aiding or abetting, being an accessory, or conspiracy to commit an offense listed in subdivisions (1)(a)(i)(A) through (1)(a)(i)(M) of this section;

(ii)    Has ever pled guilty to, pled nolo contendere to, or been found guilty of any offense that is substantially equivalent to a registrable offense under subdivision (1)(a)(i) of this section by any village, town, city, state, territory, commonwealth, or other jurisdiction of the United States, ...;

(iii)    Is incarcerated in a jail, a penal or correctional facility, or any other public or private institution or is under probation or parole as a result of pleading guilty to or being found guilty of a registrable offense under subdivision (1)(a)(i) or (ii) of this section prior to January 1, 1997; or

(iv)    Enters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States.

Neb. Rev. Stat. § 29-4003(1)(a).

Section 29-4003(1)(b) provides that "[i]n addition to the registrable offenses under subdivision (1)(a) of this section, the Sex Offender Registration Act applies to

-5-

any person who after January 1, 2010 ... (i) ... has ever pled guilty to, pled nolo contendere to, or been found guilty of" additional listed offenses, including certain crimes (such as murder, assault, stalking, kidnapping, and false imprisonment) where there was evidence of sexual penetration or sexual contact, "(ii) [h]as ever pled guilty to, pled nolo contendere to, or been found guilty of any offense that is substantially equivalent to a registrable offense under subdivision (1)(b)(i) of this section by any village, town, city, state, territory, commonwealth, or other jurisdiction of the United States, ..." or "(iii) [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States," Neb. Rev. Stat. § 29-4003(1)(b).[5]

In *State v. Norman*, 808 N.W.2d 48 (Neb. 2012), the Nebraska Supreme Court examined the meaning of the term "sex offender" as used in SORA. It stated:

> The purpose of SORA is indicated by the legislative findings set forth in Neb. Rev. Stat. § 29-4002 (Reissue 2008), which provides in part:
>
> > The Legislature finds that sex offenders present a high risk to commit repeat offenses. The Legislature further finds that efforts of law enforcement agencies to protect their communities, conduct investigations, and quickly apprehend sex offenders are impaired by the lack of available information about individuals who have pleaded guilty to or have been found guilty of sex offenses and who live, work, or attend school in their jurisdiction.
>
> From these findings, it is apparent that the purpose of registration under SORA is to identify persons who are "guilty of sex offenses" and to gather and publish information regarding these individuals which is necessary for the protection of the public. The Nebraska State Patrol Sex

---

[5] It will be observed that the wording of subdivisions (1)(a)(iv) and (1)(b)(iii) is identical, although they have different effective dates. A.W. entered Nebraska and was required to register in Minnesota after January 1, 2010, so both subdivisions could apply to him.

Offender Registry similarly indicates that it contains "information about individuals who have pleaded guilty to or have been found guilty of sex offenses." The persons referred to in § 29-4002 and listed in the registry are deemed "sex offenders."

Unlike other state sex offender registry statutes, "sex offender" is not explicitly defined in SORA.... In the absence of a statutory definition, we look to SORA overall to determine who is a sex offender for registration purposes. Section 29-4003(1)(b) states that SORA applies to persons who stand convicted of the listed offenses and, as to certain crimes, where the requisite finding of sexual penetration or sexual contact has been made. Persons so convicted are deemed to have committed "sex offenses" and are "sex offenders" for purposes of SORA and the Nebraska State Patrol Sex Offender Registry.

*Id.*, 808 N.W.2d at 58-59. While *Norman* was decided with reference to subdivision (1)(b)(i) of § 29-4003, the same rationale would apply to subdivision (1)(a)(i).

Does the term "sex offender" as used in subdivisions (1)(a)(iv) and (1)(b)(iii) have the same meaning? "[I]t is the recognized rule of statutory construction that where the same word is used repeatedly in the same act, unless the context requires otherwise, the word is to have the same meaning." *State v. Cox*, 523 N.W.2d 52, 59 (Neb.App. 1994), *aff'd*, 529 N.W.2d 795 (Neb. 1995); *see also State ex rel. Shepherd v. Nebraska Equal Opportunity Com'n*, 557 N.W.2d 684, 692 (Neb. 1997) ("A word or phrase repeated in a statute will bear the same meaning throughout the statute, unless a different intention appears.").

Contextually, there is a difference in this case. While subdivisions (1)(a)(i) and (1)(b)(i) apply to persons who are convicted of (*i.e.*, who plead guilty or no contest to, or are found guilty of) listed Nebraska criminal offenses, and subdivisions (1)(a)(ii) and (1)(b)(ii) apply to persons who are convicted of "substantially equivalent" offenses in other jurisdictions, subdivisions (1)(a)(iv) and (1)(b)(iii) apply more broadly to persons who are "required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the

United States." Although the Nebraska Supreme Court held in *Norman* that the term "sex offenders" for purposes of SORA and the Nebraska State Patrol Sex Offender Registry includes persons who stand convicted of the listed offenses, this holding does not preclude a finding that other persons may also be required to register as "sex offenders."

If a conviction is a prerequisite for a person to be considered a "sex offender" under subdivisions (1)(a)(iv) and (1)(b)(iii), then these subdivisions should not apply to a person who is required to registered in another jurisdiction based on a juvenile adjudication. The Nebraska Juvenile Code provides that "[n]o adjudication by the juvenile court upon the status of a juvenile shall be deemed a conviction[6] nor shall the adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction." Neb. Rev. Stat. § 43-280.

As previously noted, the plaintiffs allege that the Nebraska Legislature intended such a result.[7] The Nebraska Supreme Court, however, has "not decide[d] whether SORA may ever be applied to juveniles who are adjudicated as having committed a registerable offense under § 29-4003." *State v. Parks*, 803 N.W.2d 761, 767 (Neb. 2011).

---

[6] Black's Law Dictionary (9th ed. 2009) defines "conviction" as "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty."

[7] In the federal Sex Offender Registration and Notification Act (SORNA), "[t]he term "sex offender" means an individual who was convicted of a sex offense," and "[t]he term "convicted" or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse (as described in section 2241 of Title 18), or was an attempt or conspiracy to commit such an offense." 42 U.S.C. § 16911(1), (8). The plaintiffs allege that the State of Nebraska has forfeited federal funding because SORA does conform to this SORNA provision. (*See* Amended Complaint (Filing No. 24), ¶¶ 12-22.)

While there does not appear to be any controlling precedent on the question of whether SORA applies to persons who are required to register as sex offenders in another jurisdiction because of a juvenile court adjudication, this is not the question the plaintiffs have proposed for certification to the Nebraska Supreme Court. They instead ask whether Neb. Rev. Stat. § 29-4003(1)(a)(iv) "applies to a minor that is required to register as a sex offender in another state that requires sex offender registration without public notification for juvenile adjudications." (Filing No. 32.)

The plaintiffs' question, which seems to be geared toward their constitutional claims, is unclear in at least three respects.  First, it does not specify that the minor is required to register in other state because of a juvenile adjudication, as opposed to a criminal conviction. Second, it only asks whether the statute applies to a minor; it does not ask whether the statute applies to a person who has reached the age of majority but was previously adjudicated delinquent as a juvenile. Third, and most importantly, the question is limited to state laws that require sex offender registration without "public notification" for juvenile adjudications. It is not known how many states have such laws, but the term "public notification" could have a variety of meanings.

The Nebraska Supreme Court has indicated that § 29-4003(1)(a)(iv) is to be applied in a straightforward manner. In *Skaggs v. Nebraska State Patrol*, 804 N.W.2d 611, 616 (Neb. 2011), the Court "decline[d] Skaggs' implicit invitation to parse Florida law and determine whether the conclusion of Florida authorities [that he was required to register] was correct under Florida law," and ruled "that a sex offender registrant's actual registration under another jurisdiction's law is conclusive evidence that the registrant was 'required' to register within the meaning of § 29-4003(1)(a)(iv)." In light of this ruling, the Nebraska Supreme Court is unlikely to construe the statute in a manner that would require an understanding of another state's law regarding disclosure of sex offender registration information.

Construing the statute as containing an exception that depends upon a lack of "public notification" under another state's law also runs counter to a familiar rule of

statutory construction. The Nebraska Supreme Court "has said many times that [it] may not add language to the plain terms of a statute to restrict its meaning." *Black v. Brooks*, 827 N.W.2d 256, 266 (Neb. 2013). The Nebraska Supreme Court will "give statutory language its plain and ordinary meaning, and ... will not read into a statute a meaning that is not there." *Lozier Corp. v. Douglas County Bd. of Equalization*, 829 N.W.2d 652, 656 (Neb. 2013) (footnote omitted).

Because Section 29-4003(1)(a)(iv) cannot reasonably be interpreted in the manner suggested by the plaintiffs' question, I will decline certification.

Accordingly,

IT IS ORDERED that the plaintiffs' motion to certify state law question (Filing No. 32) is denied.

April 13th, 2015.                    BY THE COURT:

                                     s/ *Richard G. Kopf*
                                     Senior United States District Judge

---

* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

-10-