IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| A.W., a minor child, by and through JOHN DOE and JANE DOE, as Next Friends and Guardians, | ) ) ) ) | 8:14CV256 |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| STATE OF NEBRASKA; NEBRASKA STATE PATROL; DOUG PETERSON, Attorney General of Nebraska; THOMAS SCHWARTEN, Superintendent of Law Enforcement and Public Safety for Nebraska State Patrol; PAUL WOOD, County Attorney for Red Willow County; and GENE MAHON, Sheriff Red Willow County, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants have filed a motion to dismiss portions of Plaintiffs' amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted (Filing No. 25). The motion will be granted in part and denied in part.

*1. Summary of the Pleadings*

Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983. It is alleged in the amended complaint that "[a] petition was filed in the Juvenile Court of Anoka County, Minnesota in October of 2013 alleging criminal sexual conduct by Plaintiff A.W., which took place when [he] was 11 years

old (Filing No. 24, ¶ 29); that "Plaintiff A.W. was sent to live with Plaintiffs John and Jane Doe in Red Willow County, Nebraska, after allegations were initially made in August of 2013, ... [and he] has resided in Red Willow County, Nebraska, since that time" (Filing No. 24, ¶ 30); that "[o]n or about July 18, 2014, Plaintiff A.W. was adjudicated delinquent for criminal sexual conduct in the Juvenile Court of Anoka County, Minnesota, and ordered, inter alia, to comply with Minnesota's predatory offender registration" (Filing No. 24, ¶ 31); that "[o]n or about October 22, 2014, Plaintiff A.W. completed a Minnesota Predatory Offender Registration Form thereby completing his obligation for registration under Minnesota's [Predatory Offender Registration Act (PORA)]" (Filing No. 24, ¶ 32); that "[p]ursuant to Minnesota's PORA, Plaintiff A.W. has not been subjected to public notification" (Filing No. 24, ¶ 33); and that "[t]he State of Nebraska has notified Plaintiff A.W. that [he] is subject to Neb. Rev. Stat. § 29-4003(1)(a)(iv) of Nebraska's Sex Offender Registration Act[1] including public notification pursuant to the state's Sex Offender website maintained by the Nebraska State Patrol" (Filing No. 24, ¶ 34).[2]

There are six named Defendants: (1) the State of Nebraska; (2) the Nebraska Attorney General; (3) the Nebraska State Patrol ("NSP"); (4) the NSP Superintendent;

---

[1] This provision of the Nebraska Sex Offender Registration Act ("SORA"), Neb. Rev. Stat.§§ 29-4001 to 29-4014, "applies to any person who on or after January 1, 1997 ... [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." Neb. Rev. Stat. § 29-4003(1)(a)(iv).

[2] In Minnesota, a person who "was charged with or petitioned for a felony violation of [criminal sexual conduct] ... and convicted of or adjudicated delinquent for that offense" must register. Minn. Stat. § 243.166.1b(a)(1)(iii). However, registration data concerning persons who are "required to register based solely on a delinquency adjudication" is not publicly disclosed because they are not considered "predatory offenders" for notification purposes. *See* Minn. Stat. §§ 243.166.7(a), 244.052.1(5)).

(5) the Red Willow County Attorney; and (6) the Red Willow County Sheriff. The State and the NSP argue that they are not proper parties.

Four constitutional claims are asserted. Plaintiffs allege that unless Defendants are enjoined from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) against Plaintiff A.W., they will (1) subject him to "cruel and unusual punishment in violation of the Eighth Amendment to the U. S. Constitution and Article I, section 9 of Nebraska's Constitution" (Filing No. 24, ¶ 38); (2) "violate [his] right to equal protection of the laws contrary to the Fourteenth Amendments [*sic*] to the U. S. Constitution and Article I, section 3 of Nebraska's Constitution" (Filing No. 24, ¶ 40); (3) "violate [his] right to procedural and substantive due process in violation of the Fifth and Fourteenth Amendments to the U. S. Constitution and Article I, section 3 of Nebraska's Constitution (Filing No. 24, ¶ 42); and (4) violate "the privileges and immunities clause of the Article IV, Section 2, Clause 1 of the U. S. Constitution and Article I, section 16 of Nebraska's Constitution" (Filing No. 24, ¶ 44). Defendants argue that the first and third claims are not actionable.

*2. The State Cannot Be Sued Under 42 U.S.C. § 1983*

The State of Nebraska moves for the dismissal of all § 1983 claims against it because "[t]he State is not a person as that term is used in 42 U.S.C. § 1983 and that section does not create a cause of action against the State of Nebraska" (Filing No. 26, at p.3 (citing *Sundberg v. Nebraska*, No. 8:09CV228, 2009 WL 2948559, at \*1 (D.Neb. Sep. 11, 2009)). "Plaintiffs do not take issue with Defendants' contention that 42 U.S.C. § 1983 does not create a cause of action against the State of Nebraska." (Filing No. 40, at p.2).

*3. The State Has Not Waived Sovereign Immunity*

Defendants additionally assert that "Plaintiff's [*sic*] First, Second, Third, and Fourth Causes of Action against the State of Nebraska and the Nebraska State Patrol

-3-

are barred because the State of Nebraska, on behalf of its agencies and officials, has not waived its sovereign immunity from suit in federal court" (Filing No. 26, at p.3).³ Plaintiffs do not dispute that the State of Nebraska and the NSP are immune from suit in federal court, but they contend that "Eleventh Amendment immunity has been waived by the State of Nebraska through litigation conduct" (Filing No. 40, at p.2). Specifically, Plaintiffs claim sovereign immunity was waived when Defendants, in opposing Plaintiffs' motion to certify a question of state law to the Nebraska Supreme Court, argued that "[t]his Court's review" of the Constitutional questions "will determine this case." (docket no. 37)" (Filing No. 40, at p.2).⁴

Plaintiffs argue that "a state seeking to prevent a state court from considering a state law question in favor of having a federal court resolve Constitutional questions is analogous to a state removing an action to federal court" (Filing No. 40, at pp.2-3 (citing *Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 618-23 (2002), for the proposition that "[a] state waives immunity when it voluntarily removes an action to federal court.")). There is no merit to this contention. The State did not invoke federal court jurisdiction by opposing Plaintiffs' motion, and its legal argument was not a clear waiver of immunity. "[A] State's waiver of its Eleventh Amendment immunity through conduct in litigation must be unambiguous and evince

---

³ Plaintiffs note "that Defendants do not contend that immunity extends to the Nebraska Attorney General, the Superintendent of the Nebraska State Patrol, the County Attorney for Red Willow County or the County Sheriff for Red Willow County" (Filing No. 40, at p.2). Plaintiffs' observation is not refuted by Defendants in their reply brief.

⁴ Defendants actually stated: "This Court's review of § 29-4003(1)(a)(iv), as applied to A. W. under the U.S. Constitution and the Interstate Compact for Juveniles, will determine this case, not Plaintiffs' proposed state law question" (Filing No. 37, at p.3). The question Plaintiffs proposed for certification was "[w]hether Neb. Rev. Stat. § 29-4003(1)(a)(iv) .... applies to a minor that is required to register as a sex offender in another state that requires sex offender registration without public notification for juvenile adjudications" (Filing No. 32, at p.1).

a clear choice to submit its rights to adjudication by the federal courts." *Consejo de Salud de la Comunidad de la Playa de Ponce, Inc. v. Gonzalez-Feliciano*, 695 F.3d 83, 103 (1st Cir. 2012) (internal quotation marks and alterations omitted). "[A] state does not waive its immunity ... by defending a case in federal court so long as it asserts its Eleventh Amendment sovereign immunity defense in a timely manner." *U.S. v. Metropolitan St. Louis Sewer Dist.*, 578 F.3d 722, 725 (8th Cir. 2009).

*4. Plaintiffs Have Sufficiently Alleged an Eighth Amendment Claim*

Defendants argue that count one of the amended complaint, involving a claim of cruel and unusual punishment in violation of the Eighth Amendment (and Neb. Const., Art. I, § 9),[5] must be dismissed because "SORA's registration and notification requirements do not constitute punishment" (Filing No. 26, at p.4, quoting *Doe v. Nebraska*, 734 F. Supp. 2d 882, 922 (D. Neb. 2010)). Plaintiffs seek to distinguish *Doe v. Nebraska* because in that case this court "was not faced with the specific and unique circumstances present when a juvenile with a juvenile adjudication is subjected to sex offender registration and notification" (Filing No. 40, at p.3). They argue that "[i]n determining whether a statute constitutes punishment, courts in applying the *Kennedy* factors consider whether the sanction 'appears excessive in relation to the alternative purpose assigned.'" (Filing No. 40, at p.3, quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)). In *Doe v. Nebraska*, I ruled that a trial was necessary to determine the constitutionality of certain amendments to SORA that were foreign to the federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. §§ 16901-16991, because there were genuine issues of material fact as to whether those amendments were so punitive either in purpose or effect as to negate the legislative intention to deem them civil. See 734 F.Supp.2d at 897-99.

---

[5] "[T]he Nebraska Constitution's cruel and unusual punishment provision "does not require more than does the [Eighth Amendment to the] U.S. Constitution." *State v. Mata*, 745 N.W.2d 229, 257 (Neb. 2008) (quoting *State v. Hurbenca*, 669 N.W.2d 668, 675 (Neb. 2003)).

Considering that SORNA does not apply to persons adjudicated delinquent as juveniles if they were less than 14 years old at the time of the offense, or if the offense was not at least comparable to aggravated sexual abuse, *see* 42 U.S.C. § 16911(8),[6] and considering also that Plaintiffs allege that "[t]he State of Nebraska opted not to have juvenile offenders [who are adjudicated delinquent in Nebraska] comply with sex offender registration and not to list [such] juvenile offenders on its sex offender registry website" (Filing No. 24, ¶ 22),[7] I conclude that Plaintiffs' Eighth Amendment claim should not be dismissed without allowing them to present evidence concerning the alleged punitive effect of Neb. Rev. Stat. § 29-4003(1)(a)(iv) as applied to Plaintiff A.W.[8] *Cf.* United States v. Under Seal, 709 F.3d 257, 266 (4th Cir. 2013) (registration

---

[6] Plaintiffs allege that A.W. was 11 years old at the time of his offense (Filing No. 24, ¶ 29) and "does not present a high risk to commit repeat offenses" (Filing No. 24, ¶ 35). The exact nature of A.W.'s offense is not alleged.

[7] As discussed in a previous memorandum and order, the Nebraska Supreme Court has "not decide[d] whether SORA may ever be applied to juveniles who are adjudicated as having committed a registerable offense" *State v. Parks*, 803 N.W.2d 761, 767 (Neb. 2011), but as a matter of practice it appears that juveniles are not required to register "[u]nless they are found guilty in adult court or they are an offender who enters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States," *see* Nebraska Sex Offender Registry website, www.sor.nebraska.gov/FAQ. Registration is required under SORA for persons who have "pled guilty to, pled nolo contendere to, or been found guilty of" specified crimes, Neb. Rev. Stat. § 29-4003, but the Nebraska Juvenile Code provides that "[n]o adjudication by the juvenile court upon the status of a juvenile shall be deemed a conviction ...." Neb. Rev. Stat. § 43-280.

[8] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Determining whether a complaint crosses over the plausibility threshold is a context-specific task that requires a court "to draw on its

requirements of SORNA, as applied to juvenile who was adjudicated delinquent for committing aggravated sexual abuse, did not violate Eighth Amendment; juvenile did not show "clearest proof" that SORNA's regulatory scheme was excessive; SORNA requires registration only for a defined class of older juveniles who are adjudicated delinquent for committing particularly serious sexually assaultive crimes).

*5. No Actionable Fifth Amendment Claim Is Stated*

Plaintiffs claim SORA's public notification provisions violate A.W.'s right to procedural and substantive due process under the Fifth and Fourteenth Amendments. However, the Fifth Amendment "only restrains the federal government and none of [Defendants] are federal employees." Livers v. Schenck, 700 F.3d 340, 351 (8th Cir. 2012). Plaintiffs concede that no Fifth Amendment claim exists, but Defendants are also alleged to have violated A.W.'s right to procedural and substantive due process under the Fourteenth Amendment (and Neb. Const., Art. I, § 3).[9]

*6. No Actionable Procedural Due Process Claim Is Stated*

"Procedural due process limits the ability of the government to deprive people of interests which constitute 'liberty' or 'property' interests within the meaning of the Due Process Clause and requires that parties deprived of such interests be provided

---

judicial experience and common sense." Id. at 679. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Twombly, 550 U.S. at 556, quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

[9] "The Nebraska Supreme Court has indicated that the federal and state constitutions contain similar due process language, and has applied the same analysis to such claims." Doe v. Nebraska, 734 F. Supp. 2d at 922 (citing Scofield v. State, Dept. of Natural Resources, 753 N.W.2d 345, 356 (Neb. 2008)).

adequate notice and an opportunity to be heard." *Doe v. Nebraska*, 734 F. Supp. 2d at 930 (quoting *Murray v. Neth*, 783 N.W.2d 424, 432 (Neb. 2010)). "Reputational damage caused by state action which results in a person's stigmatization can implicate a protected liberty interest, but only if it is coupled with some more tangible interest." *State v. Norman*, 808 N.W.2d 48, 61 (Neb. 2012) (quoting *State v. Worm*, 680 N.W.2d 151, 164 (Neb. 2004)) (applying "stigma-plus" analysis to procedural due process claim involving public notification under SORA). "[T]o establish a violation of due process, a plaintiff who complains of governmental defamation must show (1) the utterance of a statement about him or her that is sufficiently derogatory to injure his or her reputation, that is capable of being proved false, and that he or she claims is false and (2) some tangible and material state-imposed burden or alteration of his or her status or of a right in addition to the stigmatization." *Id.*

"Being publicly deemed a sex offender is sufficiently derogatory to injure a person's reputation." *Id.* However, "stigmatization by the State alone does not give rise to a liberty interest or necessitate procedural due process." *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 711 (1976)). "Only where there is a stigma imposed by state action and where that stigma causes a nontrivial injury which could not have been initiated by a private citizen will the plus factor be recognized." *Id.* The Nebraska Supreme Court has held that the "extensive and onerous" registration duties imposed by SORA constitute the plus factor. *Id.*

In *State v. Norman*, the State's labeling of the defendant as a "sex offender" was capable of being proved false because his "underlying conviction for third degree assault is not a crime necessarily sexual in nature." *Id.* at 60. In the present case, by contrast, Plaintiffs admit that A.W. "was adjudicated delinquent for criminal sexual conduct" (Filing No. 24, ¶ 31).

Plaintiffs complain, however, that "Nebraska's Sex Offender Registry website ... contains a declaration 'that sex offenders present a high risk to commit repeat offenses'" (Filing No. 24, ¶ 42). They allege that A.W. "does not present a high risk

-8-

to commit repeat offenses" (Filing No. 24, ¶ 35), but this is immaterial under SORA, which does not require a risk assessment. *See Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 4 (2003) ([D]ue process does not require the opportunity to prove a fact that is not material to the State's statutory scheme."). "In short, even if [Plaintiffs] could prove that [A.W.] is not likely to [be a repeat sex offender], [Nebraska] has decided that the registry information of *all* sex offenders ... must be publicly disclosed. Unless [Plaintiffs] can show that that *substantive* rule of law is defective (by conflicting with a provision of the Constitution), any hearing on [A.W.'s likelihood to reoffend] is a bootless exercise." *Id.* at 7-8 (emphasis in original). Plaintiffs' claim "'must ultimately be analyzed' in terms of substantive, not procedural, due process." *Id.* at 8 (quoting *Michael H. v. Gerald D.*, 491 U.S. 110, 120 (1989) (plurality opinion)).

*7. Plaintiff Have Sufficiently Alleged a Substantive Due Process Claim*

To address Plaintiffs' substantive due process claim, the court "must determine whether the registration statute implicates a fundamental right." *Gunderson v. Hvass* 339 F.3d 639, 643 (8th Cir. 2003). "If the statute implicates a fundamental right, the state must show a legitimate and compelling governmental interest for interfering with that right." *Id.* "If the statute does not implicate a fundamental right, [the court will] apply a less exacting standard of review under which the statute will stand as long as it is rationally related to a legitimate governmental purpose." *Id.*

As I explained in *Doe v. Nebraska*, the "stigma plus" test "does not apply to substantive due process claims." 734 F.Supp.2d at 926. The Nebraska Supreme Court's holding in *State v. Norman* is therefore inapplicable to this analysis. "[M]ere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. at 6-7.

The plaintiffs in *Doe v. Nebraska* argued that "[p]ublic notification for all registrants deprives them of their liberty interest in their names, reputations and

standing in their communities by failing to differentiate between high- and lower-risk persons on the sex offender registry." 734 F.Supp.2d at 926. I determined that "[t]his claim does not implicate a fundamental right." *Id.* Plaintiffs' argument in the instant case is substantially similar, as they claim A.W. should not be required to register in Nebraska because he is not likely to be a repeat offender.

Plaintiffs argue that SORA impedes a fundamental right to interstate travel because "[b]y not applying Nebraska's sex offender registration laws to resident juveniles, the State of Nebraska is treating A.W. differently than other citizens of the State of Nebraska" (Filing No. 40, at p.6).[10] In making this argument, Plaintiffs rely upon the Supreme Court's decision in *Saenz v. Roe*, 526 U.S. 489, 500 (1999), which holds that the right to interstate travel embraces at least three different components: "the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Cf. Doe v. Miller*, 405 F.3d 700, 712 (8th Cir. 2005) (finding no substantive due process violation because Iowa's sex offender registry act "imposes no obstacle to a sex offender's entry into Iowa, ... [n]or does [it] violate principles of equality by treating nonresidents who visit Iowa any differently than current residents, or by discriminating against citizens of other

---

[10] Plaintiffs make a similar argument in support their equal protection claim (which is not subject to the pending motion), as they allege that "[t]he application of SORA to Plaintiff A.W. and not to resident juveniles or out-of-state juveniles entering from states without sex offender registration of juveniles" is unconstitutional (Filing No. 24, ¶ 40). Although Plaintiffs allege that SORA is not applied to "resident juveniles," the amended complaint indicates that A.W. has been residing in Nebraska since August 2013, which was approximately 14 months prior to the date he registered under Minnesota's PORA, thereby triggering the notice from the State of Nebraska that he is required to register as a sex offender under SORA (Filing No. 24, ¶¶ 30-32).

States who wish to establish residence in Iowa."); *Doe v. Nebraska*, 734 F.Supp.2d at 926 (finding that SORA's in-person reporting requirements do not create an actual barrier to interstate travel).

Defendants have failed to reply to this argument. Instead, they simply reiterate their position that no fundamental right is implicated and again note that I have previously held that "Nebraska's registration and public notification requirements are rationally related to a legitimate governmental purpose."[11] *Doe v. Nebraska*, 734 F.Supp.2d at 930. Because none of the plaintiffs in *Doe v. Nebraska* was a juvenile offender, that holding does not require dismissal of A.W.'s substantive due process claim. I will leave open the question of which standard of review applies.

Accordingly,

IT IS ORDERED that Defendants' motion to dismiss (Filing No. 25) is granted in part and denied in part, as follows:
- a. All claims against the State of Nebraska and the Nebraska State Patrol are dismissed without prejudice.
- b. Plaintiffs' Fifth Amendment claim is dismissed with prejudice.
- c. Plaintiffs' procedural due process claim is dismissed with prejudice.
- d. In all other respects, the motion is denied.

July 13, 2015.

---

[11] Defendants are reminded that our local rules provide that "[t]he reply brief may not merely repeat the moving party's initial arguments, but rather must address factual or legal issues raised in the opposing brief." NECivR 7.1(c).

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.