IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| A.W., a minor child, by and through JOHN DOE and JANE DOE, as Next Friends and Guardians, | 8:14CV256 |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| DOUG PETERSON, Attorney General of Nebraska; COLONEL BRADLEY RICE, Superintendent of Law Enforcement and Public Safety for Nebraska State Patrol; PAUL WOOD, County Attorney for Red Willow County; and GENE MAHON, Sheriff for Red Willow County, | |
| Defendants. | |

This matter is before court on cross-motions for summary judgment (Filing Nos. 56, 59) based on a joint set of stipulated facts (Filing No. 55). Questions of law presented by the motions are whether Nebraska's Sex Offender Registration Act ("SORA"), Neb. Rev. Stat.§§ 29-4001 to 29-4014, requires the minor plaintiff, A.W., to register publicly as a sex offender, and, if so, whether the Act is constitutional. In particular, the plaintiffs claim that SORA's public registration requirement, if applied to A.W., will (1) subject him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, section 9 of the Nebraska Constitution (Filing No. 24, ¶ 38); (2) deny him equal protection contrary to the Fourteenth Amendment to the United States Constitution and Article I, section 3 of the Nebraska Constitution (Filing No. 24, ¶ 40); (3) deprive him of the right to substantive due process in violation of the Fourteenth Amendment to the United States Constitution and Article I, section 3 of the Nebraska Constitution (Filing No. 24,

¶ 42)[1]; and (4) violate the privileges and immunities clause of the Article IV, Section 2, Clause 1 of the United States Constitution and Article I, section 16 of the Nebraska Constitution" (Filing No. 24, ¶ 44).

Both motions for summary judgment were filed on December 23, 2015, which was the deadline established in the court's final progression order (Filing No. 51). The defendants have moved for summary judgment on all four claims. The plaintiffs' motion, however, only requests that judgment be entered in their favor on the equal protection and substantive due process claims. The motion's "statement of relief sought," *see* Fed. R. Civ. P. 7(b)(1)(C), reads as follows:

> WHEREFORE, Plaintiffs pray that the Court:
>
> 1. Grant Plaintiffs' Motion for Summary Judgment in their favor for all the causes of action pled in Counts Two and Three as against all Defendants;
>
> 2. Reserve the issue of damages flowing from enforcement of the challenged provisions;
>
> 3. Reserve the issue of attorney fees; and
>
> 4. Set the matter for oral argument to address the issues raise herein.

(Filing No. 59 at CM/ECF p. 2).

On January 13, 2016, the same day they responded to the defendants' motion for summary judgment by briefing only the Eighth Amendment claim, the plaintiffs filed a motion "for leave to amend Plaintiffs' Motion for Summary Judgment to include Plaintiffs' Eighth Amendment claim and strike Plaintiffs' prayer regarding damages" (Filing No. 65 at CM/ECF p. 1). The motion concludes:

---

[1] The plaintiffs also alleged a procedural due process violation in their amended complaint, but such claim was dismissed with prejudice on July 13, 2015, when the court granted in part a Rule 12(b)(6) motion filed by the defendants (Filing No. 42).

WHEREFORE, Plaintiffs pray that the Court:

1. Grant Plaintiffs' Amended Motion for Summary Judgment in their favor for all the causes of action pled in Counts One, Two and Three as against all Defendants;

2. Reserve the issue of attorney fees; and

3. Set the matter for oral argument to address the issues raise herein.

(Filing No. 65 at CM/ECF pp. 1-2). The plaintiffs' motion does not "state the basis for the motion" as required by Nebraska Civil Rule 7.1(a), nor is there a supporting brief. *See* NECivR 7.1(a)(1). The defendants have not responded to the plaintiffs' motion for leave to amend, but they have replied to the plaintiffs' brief in opposition to the defendants' motion for summary judgment.

The court construes the plaintiffs' motion for leave to amend their motion for summary judgment as requesting that two changes be made to Filing No. 59: (1) that paragraph 1 of the "statement of relief requested" be amended by interlineation to add Count One (the Eighth Amendment claim) as being subject to the plaintiffs' motion for summary judgment[2] and (2) that paragraph 2 of the "statement of relief requested" (pertaining to damages) be stricken in its entirety.[3] The court will grant both requests and will consider the plaintiffs' brief filed in opposition to the defendants' motion for summary judgment (Filing No. 63) and index of evidence (Filing No. 64) as also having been filed in support of the plaintiffs' amended motion for summary judgment. No further briefing or evidentiary filings will be permitted by either side without prior leave of court.

---

[2] Count Four (claim based on the privileges and immunities clause) will not be subject to the plaintiffs' amended motion for summary judgment, but is subject to the defendants' motion for summary judgment.

[3] As the defendants have noted in their brief filed in opposition to the plaintiffs' motion for summary judgment, the amended complaint seeks only declaratory and injunctive relief.

The plaintiffs' requests for oral argument will be denied. Generally, the court does not hear oral argument on summary judgment motions, *see* NECivR 56.1, and the plaintiffs have not provided any reason for making an exception in this case.

Accordingly,

IT IS ORDERED that:

1. Plaintiffs' motion for leave to amend (Filing No. 65) is granted in part and denied in part, as follows:

    a. Paragraph 1 of the "statement of relief requested" by Plaintiffs' motion for summary judgment (Filing No. 59) is amended by interlineation by inserting "One," after "Counts" and before "Two and Three."

    b. Paragraph 2 of the "statement of relief requested" by Plaintiffs' motion for summary judgment (Filing No. 59) is stricken.

    c. In all other respects, the motion is denied.

2. Plaintiffs' motion for summary judgment (Filing No. 59), as amended by this order, and Defendants' motion for summary judgment (Filing No. 56) are taken under submission, and no further briefing or evidentiary filings will be permitted by either side without prior leave of court.

3. Plaintiffs' requests for oral argument are denied.

February 16, 2016.　　　　　BY THE COURT:

　　　　　　　　　　　　　　s/ *Richard G. Kopf*
　　　　　　　　　　　　　　Senior United States District Judge