IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| A.W., a minor child, by and through JOHN DOE and JANE DOE, as Next Friends and Guardians,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DOUG PETERSON, Attorney General of Nebraska; COLONEL BRADLEY RICE, Superintendent of Law Enforcement and Public Safety for Nebraska State Patrol; PAUL WOOD, County Attorney for Red Willow County; and GENE MAHON, Sheriff for Red Willow County,<br><br>　　　　　Defendants. | 8:14CV256<br><br><br><br>MEMORANDUM<br>AND ORDER |

　　　This matter is before court on cross-motions for summary judgment (Filing Nos. 56, 59) based on a joint set of stipulated facts (Filing No. 55). Questions of law presented by the motions are whether Nebraska's Sex Offender Registration Act ("SORA"), Neb. Rev. Stat.§§ 29-4001 to 29-4014, applies to the minor plaintiff, A.W., and, if so, whether the Act is constitutional. In particular, the case is concerned with the meaning and validity of Neb. Rev. Stat. § 29-4003(1)(a)(iv), which makes SORA applicable to any person who "[e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." A.W. has been adjudicated delinquent in Minnesota because of criminal sexual conduct and must comply with Minnesota's predatory offender registration statute, but his registration is not public information under Minnesota law.

The plaintiffs claim that SORA's public registration requirement, if applied to A.W., will (1) subject him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Article I, section 9 of the Nebraska Constitution (Filing No. 24, ¶ 38); (2) deny him equal protection contrary to the Fourteenth Amendment to the United States Constitution and Article I, section 3 of the Nebraska Constitution (Filing No. 24, ¶ 40); (3) deprive him of the right to substantive due process in violation of the Fourteenth Amendment to the United States Constitution and Article I, section 3 of the Nebraska Constitution (Filing No. 24, ¶ 42); and (4) violate the privileges and immunities clause of the Article IV, Section 2, Clause 1 of the United States Constitution and Article I, section 16 of the Nebraska Constitution" (Filing No. 24, ¶ 44). The plaintiffs have only moved for summary judgment on the first three claims, while the defendants request the dismissal of all four claims.

For the reasons discussed below, the court concludes that A.W. is not required to register as a "sex offender" under the laws of Minnesota and, consequently, that § 29-4003(1)(a)(iv) does not apply. The plaintiffs' motion for summary judgment will be granted, the defendants' motion for summary judgment will be denied, and the defendants will be permanently enjoined from enforcing § 29-4003(1)(a)(iv) against the plaintiffs.

### BACKGROUND

On October 13, 2013, a petition was filed in the District Court of Anoka County, Minnesota, Juvenile Court, alleging that A.W. committed the offense of "Criminal Sexual Conduct in the First Degree" occurring between July 1, 2013, and August 8, 2013, at which time A.W. was eleven years old (Filing No. 55, ¶ 7). Since August 23, 2013, A.W. has resided in Red Willow County, Nebraska, with his grandparents and guardians, the plaintiffs John and Jane Doe (*id.*, ¶¶ 1-3, 8).

On July 18, 2014, A.W. was adjudicated delinquent in the District Court of Anoka County, Minnesota, Juvenile Court, placed on probation for two years, and ordered to comply with Minnesota's predatory offender registration (*id.*, ¶ 9). That

same day, an "Application for Services and Waiver" was filed pursuant to the Interstate Compact for Juveniles to transfer probation supervision from Minnesota to Nebraska (*id.*, ¶ 27).

Sometime in August 2014, the Nebraska probation office notified the plaintiffs that A.W. was required to register pursuant to SORA or else face a criminal referral to the Red Willow County Sheriff and Red Willow County Attorney (*id.*, ¶ 10). The present action for declaratory and injunctive relief was commenced on August 28, 2014, and a temporary restraining order was entered the next day (Filing Nos. 1, 6). The TRO has remained in effect since then (Filing Nos. 7, 27).

On October 22, 2014, A.W. filled out and signed a Minnesota predatory offender registration form. John Doe sent the form by electronic mail to a probation officer with the Anoka County, Minnesota, Juvenile Field and Court Services (Filing No. 55, ¶ 11).

## *ANALYSIS*

As I shall next explain, Neb. Rev. Stat. § 29-4003(1)(a)(iv) does not apply to A.W. It is simply not possible to draw from the Nebraska statutes a desire to impose a stigmatizing burden on juveniles adjudicated out of state while not doing so to juveniles adjudicated in Nebraska.

The Nebraska Sex Offender Registration Act ("SORA") applies to any person who, on or after January 1, 1997:

> (i) Has ever pled guilty to, pled nolo contendere to, or been found guilty of any of the following:
>
> (A) Kidnapping of a minor pursuant to section 28-313, except when the person is the parent of the minor and was not convicted of any other offense in this section;
> (B) False imprisonment of a minor pursuant to section 28-314 or 28-315;

(C) Sexual assault pursuant to section 28-319 or 28-320;
(D) Sexual assault of a child in the second or third degree pursuant to section 28-320.01;
(E) Sexual assault of a child in the first degree pursuant to section 28-319.01;
(F) Sexual abuse of a vulnerable adult pursuant to subdivision (1)(c) of section 28-386;
(G) Incest of a minor pursuant to section 28-703;
(H) Pandering of a minor pursuant to section 28-802;
(I) Visual depiction of sexually explicit conduct of a child pursuant to section 28-1463.03 or 28-1463.05;
(J) Knowingly possessing any visual depiction of sexually explicit conduct which has a child as one of its participants or portrayed observers pursuant to section 28-813.01;
(K) Criminal child enticement pursuant to section 28-311;
(L) Child enticement by means of an electronic communication device pursuant to section 28-320.02;
(M) Debauching a minor pursuant to section 28-805; or
(N) Attempt, solicitation, aiding or abetting, being an accessory, or conspiracy to commit an offense listed in subdivisions (1)(a)(i)(A) through (1)(a)(i)(M) of this section;

(ii) Has ever pled guilty to, pled nolo contendere to, or been found guilty of any offense that is substantially equivalent to a registrable offense under subdivision (1)(a)(i) of this section by any village, town, city, state, territory, commonwealth, or other jurisdiction of the United States, by the United States Government, by court-martial or other military tribunal, or by a foreign jurisdiction, notwithstanding a procedure comparable in effect to that described under section 29-2264 or any other procedure to nullify a conviction other than by pardon;

(iii) Is incarcerated in a jail, a penal or correctional facility, or any other public or private institution or is under probation or parole as a result of pleading guilty to or being found guilty of a registrable offense under subdivision (1)(a)(i) or (ii) of this section prior to January 1, 1997; or

> (iv) *Enters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States.*

Neb. Rev. Stat. Ann. § 29-4003(1)(a) (West) (emphasis added). The plaintiffs allege, and the defendants admit, that "[t]he State of Nebraska has notified Plaintiff A.W. that Plaintiff A.W. is subject to Neb. Rev. Stat. § 29-4003(1)(a)(iv) of Nebraska's Sex Offender Registration Act including public notification pursuant to the state's Sex Offender website maintained by the Nebraska State Patrol" (Filing No. 24, ¶ 34; Filing No. 45, ¶ 16).

As originally enacted, with an operative date of January 1, 1997, SORA did not contain a provision comparable to subdivision (1)(a)(iv). *See* Laws 1996, LB 645, § 3. Also, subdivision (1)(a)(ii) (formerly subdivision (1)(b)) applied to any person who on or after the operative date "[e]nters the state and has pleaded guilty to or has been found guilty of any offense in another state, territory, commonwealth, or other jurisdiction of the United States that is substantially equivalent to the offenses listed in subdivision (1)(a) of this section." *Id.* In 2002, convictions in federal court or by court martial were added to this list. *See* Laws 2002, LB 564, § 3. Subdivision (1)(a)(iv) was added in 2006 (as former subdivision (1)(d)). *See* Laws 2006, LB 1199, § 18. In 2009, the "enters the state" language was removed from subdivision (1)(a)(ii), and its scope was further expanded to include convictions by a "village, town, city" or "foreign jurisdiction." *See* Laws 2009, LB 285, § 4.

The 2009 amendment also significantly expanded the list of registerable offenses under Nebraska law. *See id.* In addition to the registerable offenses under subdivision (1)(a), SORA applies to any person who, on or after January 1, 2010:

> (i) (A) Except as provided in subdivision (1)(b)(i)(B) of this section, has ever pled guilty to, pled nolo contendere to, or been found guilty of any of the following:
>
> (I) Murder in the first degree pursuant to section 28-303;
> (II) Murder in the second degree pursuant to section 28-304;

(III) Manslaughter pursuant to section 28-305;
(IV) Assault in the first degree pursuant to section 28-308;
(V) Assault in the second degree pursuant to section 28-309;
(VI) Assault in the third degree pursuant to section 28-310;
(VII) Stalking pursuant to section 28-311.03;
(VIII) Violation of section 28-311.08 [unlawful intrusion] requiring registration under the act pursuant to subsection (5) of section 28-311.08 [where defendant is 19 or older and victim is younger than 18];
(IX) Kidnapping pursuant to section 28-313;
(X) False imprisonment pursuant to section 28-314 or 28-315;
(XI) Sexual abuse of an inmate or parolee in the first degree pursuant to section 28-322.02;
(XII) Sexual abuse of an inmate or parolee in the second degree pursuant to section 28-322.03;
(XIII) Sexual abuse of a protected individual pursuant to section 28-322.04;
(XIV) Incest pursuant to section 28-703;
(XV) Child abuse pursuant to subdivision (1)(d) or (e) of section 28-707;
(XVI) Enticement by electronic communication device pursuant to section 28-833; or
(XVII) Attempt, solicitation, aiding or abetting, being an accessory, or conspiracy to commit an offense listed in subdivisions (1)(b)(i)(A)(I) through (1)(b)(i)(A)(XVI) of this section.

(B) In order for the Sex Offender Registration Act to apply to the offenses listed in subdivisions (1)(b)(i)(A)(I), (II), (III), (IV), (V), (VI), (VII), (IX), and (X) of this section, a court shall have found that evidence of sexual penetration or sexual contact, as those terms are defined in section 28-318, was present in the record, which shall include consideration of the factual basis for a plea-based conviction and information contained in the presentence report;

(ii) Has ever pled guilty to, pled nolo contendere to, or been found guilty of any offense that is substantially equivalent to a

> registrable offense under subdivision (1)(b)(i) of this section by any village, town, city, state, territory, commonwealth, or other jurisdiction of the United States, by the United States Government, by court-martial or other military tribunal, or by a foreign jurisdiction, notwithstanding a procedure comparable in effect to that described under section 29-2264 or any other procedure to nullify a conviction other than by pardon; or
>
> (iii) Enters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States.

Neb. Rev. Stat. Ann. § 29-4003(1)(b) (West).[1]

It is undisputed that "Plaintiff A.W. has resided with Plaintiffs John and Jane Doe in Red Willow County, Nebraska, since no later than August 23, 2013" (Filing No. 55, ¶ 8). The parties have also stipulated that "[f]ollowing the [Minnesota juvenile court] hearing on July 18, 2014, Plaintiff A.W. returned to Nebraska" (*id.*, ¶ 9).

Although the plaintiffs have not done so, it could be argued that A.W. "entered" the state for purposes of subdivisions (1)(a)(iv) no later than August 23, 2013, when he took up residence in Red Willow County, and that SORA does not apply to him because he was not required to register as a predatory offender in Minnesota until at least July 18, 2014, when he was adjudicated delinquent. But this argument would appear to be foreclosed by the Nebraska Supreme Court's decision in *Skaggs v. Nebraska State Patrol*, 804 N.W.2d 611 (Neb. 2011), which holds that the word "[e]nters" in subdivision (1)(a)(iv) is to be given its plain and ordinary meaning. *See id.*, 804 N.W.2d at 615 (rejecting appellant's attempt to characterize his return to Nebraska as "re-entry" as opposed to "entry").

---

[1] The plaintiffs only seek declaratory and injunctive relief with reference to subdivision (1)(a)(iv) of section 29-4003. The court notes, however, that subdivision (1)(b)(iii) is a duplicate provision, and that because A.W. entered Nebraska sometime after 2009, either subdivision might apply to him.

Even if A.W. only left Nebraska for a day or two to attend the juvenile court hearing on July 18, 2014, by common understanding he "entered" Nebraska upon his return.² The *Skaggs* decision also indicates that residency is not a consideration when determining if subdivision (1)(a)(iv) applies. *Id.*, 804 N.W.2d at 615 (stating that § 29–4003(1)(a)(iv) "has no residency requirement," and holding that SORA applied to individual who (1) was convicted of a sex offense in California in 1985; (2) was paroled to Nebraska in 1992, prior to SORA's enactment; (3) moved to Florida in 2003, allegedly while retaining permanent residency in Nebraska; (4) registered as a sex offender in Florida in April 2006 after being arrested for failing to register based on the California conviction; (4) returned to Nebraska in December 2006; and (5) was arrested in Nebraska in 2008 for failing to register after police learned he was a Florida-registered sex offender).

The parties also have not specifically discussed whether A.W. was "required" to register as a sex offender in another state at the time he entered Nebraska, but have stipulated that "[o]n or about July 18, 2014, Plaintiff A.W. was ... ordered to comply with Minnesota's predatory offender registration" (Filing No. 55, ¶ 9). The defendants have also filed a copy of the juvenile court's order, one of the conditions of which is that A.W. "[c]omply with predatory offender registration" (Filing No. 62-2). Although A.W. did not actually register in Minnesota until on or about October 22, 2014,³ there is no evidence to show that he was not "required to register ... under the laws of [Minnesota]" as of the date of the juvenile court adjudication.

Under Minnesota law, a person who "was charged with or petitioned for a felony violation of ... criminal sexual conduct ... and convicted of or adjudicated delinquent for that offense" is required to register with a corrections agent, Minn. Stat. Ann. § 243.166, subd.1b(a)(1)(iii) (West), but registration data concerning persons

---

² To "enter" is to "go or come into (something)." *Merriam-Webster: Dictionary and Thesaurus* at http://www.merriam-webster.com/dictionary/enter.

³ "[A] sex offender registrant's actual registration under another jurisdiction's law is conclusive evidence that the registrant was 'required' to register within the meaning of § 29-4003(1)(a)(iv)." *Skaggs*, 804 N.W.2d at 616.

who are "required to register based solely on a delinquency adjudication" are not publicly disclosed because such persons are not considered "predatory offenders" for purposes of public notification. *See* Minn. Stat. Ann. §§ 243.166, subd. 7(a), 244.052, subd. 1(5) (West)). The juvenile must remain registered for ten years or "until the probation, supervised release, or conditional release period expires, whichever occurs later." *Matter of Welfare of C.D.N.*, 559 N.W.2d 431, 433 (Minn. Ct. App. 1997) (quoting Minn. Stat. § 243.166, subd. 6(a) (1996)).[4]

---

[4] Except for a "lifetime registrant," SORA does not specify the length of time a person must remain registered under subdivision (1)(a)(iv) of section 29-4003. The Act merely provides:

(a) Except as provided in subsection (2) of this section [allowing a reduction in time in certain instances], any person to whom the Sex Offender Registration Act applies shall be required to register during any period of supervised release, probation, or parole and shall continue to comply with the act for the period of time after the date of discharge from probation, parole, or supervised release or release from incarceration, whichever date is most recent, as set forth in subdivision (b) of this subsection....

(b) The full registration period is as follows:

(i) Fifteen years, if the sex offender was convicted of a registrable offense under section 29-4003 not punishable by imprisonment for more than one year;

(ii) Twenty-five years, if the sex offender was convicted of a registrable offense under section 29-4003 punishable by imprisonment for more than one year; or

(iii) Life, if the sex offender was convicted of a registrable offense under section 29-4003 punishable by imprisonment for more than one year and was convicted of an aggravated offense or had a prior sex offense conviction or has been determined to be a lifetime registrant in another state, territory, commonwealth, or other jurisdiction of the United States, by the United States

By contrast, the parties have stipulated that "[j]uveniles adjudicated delinquent of certain SORNA-registrable offenses in Nebraska juvenile courts are not required to comply with SORA" (Filing No. 55, ¶ 22). However, "[j]uveniles convicted of certain SORNA-registrable offenses in Nebraska adult courts are required to comply with SORA" (Filing No. 55, ¶ 23).

Section 29-4003(1)(a)(i) by its terms only applies to persons who, on or after January 1, 1997, have "pled guilty to, pled nolo contendere to, or been found guilty of" a registerable offense. Although the Nebraska Supreme Court has "not decide[d] whether SORA may ever be applied to juveniles who are adjudicated as having committed a registerable offense under § 29-4003," *State v. Parks*, 803 N.W.2d 761, 767 (Neb. 2011) (holding SORA applied to adult defendant even though he was a minor at the time the crimes were committed), the Nebraska Juvenile Code states that "[n]o adjudication by the juvenile court upon the status of a juvenile shall be deemed a conviction nor shall the adjudication operate to impose any of the civil disabilities ordinarily resulting from conviction." Neb. Rev. Stat. Ann. § 43-280 (West). Minnesota has a similar provision. Subject to certain exceptions not applicable here, Minnesota's Juvenile Court Act provides that "[n]o adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities imposed by conviction, nor shall any child be deemed a criminal by reason of this adjudication, nor shall this adjudication be deemed a conviction of crime, ...." Minn. Stat. Ann. § 260B.245 (West).[5]

---

Government, by court-martial or other military tribunal, or by a foreign jurisdiction.

Neb. Rev. Stat. Ann. § 29-4005(1) (West). The parties have not discussed how long A.W. would be required to register in Nebraska if subdivision (1)(a)(iv) applies to him.

[5] However, Minnesota Juvenile Delinquency Procedure Rule 8.04 does provide for the juvenile court's acceptance of a child's plea of guilty. In fact, A.W. appears to have entered a plea of guilty to the charged offense of "Criminal Sexual Conduct in the First Degree" (Filing No. 62-2). Whether A.W. is required to register as a sex offender in Nebraska by reason of his having pled guilty to a an offense which is

Information obtained under SORA is not confidential, and public notification about all registrants is accomplished pursuant to rules and regulations adopted by the Nebraska State Patrol ("NSP"). *See* Neb. Rev. Stat. §§ 29-4009, 29-4013(2)(b); 272 Neb. Admin. Code Ch. 19, § 013. The NSP is also responsible for "adopt[ing] and promulgat[ing] rules and regulations to carry out the registration provisions of the Sex Offender Registration Act." Neb. Rev. Stat. Ann. § 29-4013(1) (West).

According to those regulations, "[t]he registration requirement applies to any person who lives in the State of Nebraska or who is employed, carries on a vocation, or attends school in the State of Nebraska and who ... [e]nters the state and is required to register as a sex offender for any reason and at any age, under the laws of another state, territory, commonwealth or other jurisdiction of the United States or Foreign Country ...." 272 Neb. Admin. Code Ch. 19, § 003.02F.[6] "A juvenile who was adjudicated of a sex crime, is not required to register unless he or she enters this state and is required to register as a sex offender by the sentencing state, territory, commonwealth or other jurisdiction of the United States or Foreign Country or, is tried as an adult in this state and either plead guilty, plead nolo contendere or is found guilty of a registerable offense in this state. An adjudication of delinquency is not the same as a conviction in adult court even though the conduct on which the adjudication is based would have required registration if the person was tried as an adult in Nebraska." 272 Neb. Admin. Code Ch. 19, § 003.04; see also " 272 Neb. Admin. Code Ch. 19, § 003.05C ("The registration requirement does not apply to a person who ... [i]s a juvenile adjudicated 'delinquent' or 'in need of special supervision' by the juvenile courts in the state of Nebraska").

Under the federal Sex Offender Registration and Notification Act ("SORNA"), "[t]he term "sex offender" means an individual who was convicted of a sex offense,"

---

substantially equivalent to a registerable offense under SORA, *see* Neb. Rev. Stat. § 29-4003(1)(a)(ii) & (1)(b)(ii), is not directly at issue in this case.

[6] The language "for any reason and at any age" does not appear in the statute. *See* Neb. Rev. Stat. § 29-4003(1)(a)(iv) & (1)(b)(iii). Nor do either of those statutory subdivisions reference "Foreign Country" registrations.

-11-

the term "sex offense," in general, means "a criminal offense that has an element involving a sexual act or sexual contact with another ... [or] is a specified offense against a minor," and "[t]he term "convicted" or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated sexual abuse (as described in section 2241 of Title 18), or was an attempt or conspiracy to commit such an offense." 42 U.S.C. § 16911(1), (5), & (8). The parties have further stipulated that "[o]n December 14, 2011, the U.S. Department of Justice ... notified the State of Nebraska that the State of Nebraska had not substantially implemented SORNA" because of "Nebraska's failure to require registration of juveniles adjudicated delinquent of certain SORNA-enumerated offenses" (Filing No. 55, ¶ 24) as a result of which Nebraska forfeited federal funding.

"Unlike other state sex offender registry statutes [and SORNA], 'sex offender' is not explicitly defined in SORA." *State v. Norman*, 808 N.W.2d 48, 59 (Neb. 2012) (concluding that "persons who stand convicted of the listed offenses and, as to certain crimes, where the requisite finding of sexual penetration or sexual contact has been made [under § 29-4003(1)(b)(i)(B)] ... are deemed to have committed 'sex offenses' and are 'sex offenders' for purposes of SORA and the Nebraska State Patrol Sex Offender Registry."). The term is defined in NSP regulations to "mean an individual who has been convicted of a crime listed in Neb. Rev. Stat. § 29-4003 and who is required to register as a sex offender pursuant to the Sex Offender Registration Act." 272 Neb. Admin. Code Ch. 19, § 002.26.[7]

---

[7] As used in the Sexual Predator Residency Restriction Act (limiting authority of political subdivisions to restrict where sex offenders may reside), Neb. Rev. Stat §§ 29-4015 to 29-4017, the term "sex offender" likewise means "an individual who has been convicted of a crime listed in section 29-4003 and who is required to register as a sex offender pursuant to the Sex Offender Registration Act." Neb. Rev. Stat. Ann. § 29-4016(4) (West).

It is obvious this definition, which is expressly limited to persons who have been convicted of registerable offenses in Nebraska, has no direct application to § 003.02F. While that regulation interprets Neb. Rev. Stat. § 29-4003(1)(a)(iv) as applying to sex offenders who are required to register "for any reason and at any age" under the laws of another state, it provides no guidance on the determinative issue of what it means to be a "sex offender."

Section 003.04 of the regulations is instructive on this issue, however, as it speaks of a "juvenile who was adjudicated of a sex crime ... and is required to register as a sex offender by the *sentencing* state ...." 272 Neb. Admin. Code Ch. 19, § 003.04 (emphasis supplied). In Nebraska, at least, an adjudication of delinquency does not involve the imposition of a sentence. *See* C. Costantakos, 4 *Neb. Prac., Neb. Juv. Court Law & Prac.* § 7:9 (2015) ("Because delinquency proceedings are civil and not criminal in nature, and because the adjudication of the juvenile is not a conviction, it also follows that the disposition of the juvenile is not a criminal sentencing. Thus, the juvenile court at the dispositional phase of a delinquency proceeding does not become a "sentencing court."); *In re Interest of Brandon M.*, 727 N.W.2d 230, 234 (Neb. 2007) ("Because juvenile proceedings are not criminal proceedings, the order of restitution entered at the dispositional hearing was not imposed by a sentencing court after a conviction."). As stated in section 003.04, "[a]n adjudication of delinquency is not the same as a conviction in adult court even though the conduct on which the adjudication is based would have required registration if the person was tried as an adult in Nebraska." 272 Neb. Admin. Code Ch. 19, § 003.04.

"[A]bsent a statutory indication to the contrary, words in a statute will be given their ordinary meaning." *J.M. v. Hobbs*, 797 N.W.2d 227, 229 (Neb. 2011). "It is a simple rule of statutory construction that terms which are not specifically defined are to be taken in the sense in which they are understood in common language." *State v. Holman*, 424 N.W.2d 627, 628 (Neb. 1988) (citing Neb. Rev. Stat. § 29-109 ("Except where a word, term or phrase is specially defined, all words used in this code [of criminal procedure] are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed.")).

-13-

Consistent with the way the term is used throughout SORA, "sex offender" is commonly understood to mean "a person who has been convicted of a crime involving sex." *Merriam-Webster.com*; *see also* *TheFreeDictionary.com* ("sex offender" is a "generic term for all persons convicted of crimes involving sex"); *UrbanDictionary.com* ("sex offender" is "a person who has been criminally charged and convicted of, or has pled guilty to, a sex crime"); *but cf.* *Wikipeidia.com* ("A sex offender ... is a person who has committed a sex crime.").

Even SORNA defines "sex offender" to mean "an individual who was *convicted* of a sex offense." 42 U.S.C. § 16911(1) (emphasis supplied). Although Congress expanded SORNA's scope by defining "convicted" to include certain juvenile adjudications, *see* 42 U.S.C. § 16911(8), this is not the ordinary meaning of the term.[8] *See* West's Encyclopedia of American Law (2d ed. 2008) (defining "conviction" as "[t]he outcome of a criminal prosecution which concludes in a judgment that the defendant is guilty of the crime charged.... The terms conviction and convicted refer to the final judgment on a verdict of guilty, a plea of guilty, or a plea of nolo contendere.").

SORNA's expansive definition of "convicted" is not consistent with the Nebraska Juvenile Code's prohibition against treating a juvenile court adjudication as a conviction. *See* Neb. Rev. Stat. § 43-280. It is also inconsistent with SORA provisions that only apply to persons who have been found guilty of sex offenses, whether as the result of a plea or trial. *See* Neb. Rev. Stat. § 29-4003(1)(a)(i)-(iii) & (1)(b)(i)-(ii); *see also* *Norman*, 808 N.W.2d at 59 ("Persons so convicted are deemed to have committed 'sex offenses' and are 'sex offenders' for purposes of SORA and the Nebraska State Patrol Sex Offender Registry.").

"[I]t is apparent that the purpose of registration under SORA is to identify persons who are 'guilty of sex offenses' and to gather and publish information regarding these individuals which is necessary for the protection of the public."

---

[8] Because A.W. was not 14 years old at the time of the offense, he was not "convicted" withing the meaning of SORNA.

-14-

*Norman*, 808 N.W.2d at 59. It is equally apparent that the Nebraska Legislature has made a policy determination that information regarding juvenile adjudications is not to be made public, even though this has resulted in the loss of federal funding for non-compliance with SORNA.

The Minnesota Legislature has made a similar policy determination. The Minnesota statute providing for the "registration of predatory offenders," Minn. Stat. § 243.166, states in part that "[a] person shall register under this section if ... the person was charged with or petitioned for a felony violation of or attempt to violate, or aiding, abetting, or conspiracy to commit, any of the following, and convicted of or adjudicated delinquent for that offense or another offense arising out of the same set of circumstances: [listing offenses]." Minn. Stat. Ann. § 243.166, subd. 1b(a)(1) West 2015). The statute then provides that all information collected is confidential, unless a exception applies:

> (a) Except as otherwise provided in subdivision 7a[9] or sections 244.052 and 299C.093,[10] the data provided under this section is private data on individuals under section 13.02, subdivision 12.[11]
> (b) The data may be used only by law enforcement and corrections agencies for law enforcement and corrections purposes.

---

[9] Subdivision 7a authorizes the Bureau of Criminal Apprehension to "make information available to the public about offenders who are 16 years of age or older and who are out of compliance with this section for 30 days or longer for failure to provide the offenders' primary or secondary addresses." Minn. Stat. Ann. § 243.166, subd. 7a(1) (West).

[10] Section 299C.093 directs the bureau to "maintain a computerized data system relating to individuals required to register as predatory offenders under section 243.166.... This data is private data on individuals under section 13.02, subdivision 12, but may be used for law enforcement and corrections purposes." Minn. Stat. Ann. § 299C.093 (West).

[11] "'Private data on individuals' are data made by statute or federal law applicable to the data: (a) not public; and (b) accessible to the individual subject of those data." Minn. Stat. Ann. § 13.02, subd. 12 (West).

(c) The commissioner of human services is authorized to have access to the data for:
(1) state-operated services, as defined in section 246.014, for the purposes described in section 246.13, subdivision 2, paragraph (b); and
(2) purposes of completing background studies under chapter 245C.

Minn. Stat. Ann. § 243.166, subd. 7 (West).

Section 244.052 permits the disclosure of certain information to the public regarding predatory offenders. Importantly, however, this section does not permit any public disclosure regarding persons who have been adjudicated delinquent in juvenile court. "As used in this section ...'predatory offender' and 'offender' mean a person who is required to register as a predatory offender under section 243.166. However, the terms do not include persons required to register based solely on a delinquency adjudication." Minn. Stat. Ann. § 244.052, subd.1(5) (West). Thus, although A.W. is required to register under § 243.166.1b(a)(1) because he was adjudicated delinquent for criminal sexual conduct, he is not considered a "predatory offender" for public notification purposes in Minnesota. His registration information is only available to "law enforcement and corrections agencies for law enforcement and corrections purposes." Minn. Stat. Ann. § 243.166, subd. 7(b) (West).

Giving the term "sex offender" its ordinary meaning, taking into consideration the context and subject matter of Nebraska's Sex Offender Registration Act, the court concludes that subdivision (1)(a)(iv) of section 29-4003 only applies to a person who is required to register under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States as a person who has been convicted of a sex offense. The court also finds and concludes that the plaintiff A.W. is not required to register as a "sex offender" under Minnesota law, and therefore is not subject to registration in Nebraska under subdivision (1)(a)(iv). Although the court does not find the term "sex offender" to be ambiguous as used in SORA, the court would reach the same result even if the term could reasonably be construed to include juveniles who have been adjudicated delinquent in another state.

If a term is susceptible to more than one reasonable construction, it is ambiguous and therefore subject to judicial interpretation. *Dean v. State*, 849 N.W.2d 138, 146 (Neb. 2014).

> In construing a statute, a court looks to the statutory objective to be accomplished, the evils and mischiefs sought to be remedied, and the purpose to be served. A court must then reasonably or liberally construe the statute to achieve the statute's purpose, rather than construing it in a manner that defeats the statutory purpose. The fundamental objective of statutory interpretation is to ascertain and carry out the Legislature's intent. An interpretation that is contrary to a clear legislative intent will be rejected. That which is implied in a statute is as much a part of it as that which is expressed.

*Id.* at 146-47 (footnotes omitted). Interpreting subdivision (1)(a)(iv) so as to include juvenile adjudications would be contrary to clear legislative intent.

A court "can examine an act's legislative history if a statute is ambiguous or requires interpretation," *Dean*, 849 N.W.2d at 147, but there is scant legislative history concerning subdivision (1)(a)(iv) of section 29-4003. As noted earlier, this registration requirement was added in 2006. It was a relatively minor provision in a bill that amended numerous statutes relating to sex offenses and also adopted the Sexual Predator Residency Restriction Act and the Sex Offender Commitment Act. *See* Laws 2006, LB 1199.

The bill's introducer, Sen. Patrick Bourne, informed the Judiciary Committee that "LB 1199 clarifies that a person required to register in another state is required to register here in Nebraska ...." (Filing No. 61-1 at CM/ECF p. 9). The then-superintendent of the Nebraska State Patrol, Col. Bryan Tuma, testifying in favor of the bill, similarly stated that "LB 1199 clarifies that individuals would be required [to] register in Nebraska, including lifetime registration, if they are required to do so in another jurisdiction" (*id.* at CM/ECF p.15).[12] Colonel Tuma indicated this feature of

---

[12] LB 1199 amended former section 29-4005(2) to provide:

the proposed legislation was intended to "prevent[ ] people from moving to Nebraska to avoid lengthy registry requirements imposed by other states" (*id.*). There was no further discussion regarding this "clarifying" proposal during the committee hearing.

During floor debate, Senator Bourne again stated that LB 1199 "clarifies that a sex offender who is required to register in another state but lives in Nebraska must register with the Nebraska State Patrol (*id.* at CM/ECF p. 74). There was no further discussion about this aspect of the bill during floor debate.

Although Colonel Tuma did not elaborate upon his statement to the Judiciary Committee that one purpose of LB 1199 was to prevent people from moving to Nebraska to avoid lengthy registry requirements in other states, he presumably had in mind the proposed amendment to former section 29-4005(2). *See* footnote 12, *supra*. Prior to the passage of LB 1199, only persons sentenced to certain registerable offenses under section 29-4003 were subject to lifetime registration. Thus, even though a person was convicted of a "substantially equivalent" offense in another state,

---

> A person required to register under section 29-4003 shall be required to register under the act for the rest of his or her life if the offense creating the obligation to register is an aggravated offense, if the person has a prior conviction for a registrable offense, or if the person is required to register as a sex offender for the rest of his or her life under the laws of another state, territory, commonwealth, or other jurisdiction of the United States.

Laws 2006, LB 1199 § 20. For the current version of this language, see Neb. Rev. Stat. § 29-4005(1)(b)(iii) (footnote 4, *supra*). Before being amended by LB 1999, the provision read:

> A person sentenced for a registrable offense under section 29-4003 shall be required to register under the act for the rest of his or her life if such registrable offense is an aggravated offense, or the person has a prior conviction for a registrable offense.

*See* Laws 2006, LB 1199 § 20.

-18-

under former section 29-4005(1) upon entering Nebraska he or she was only required to register "during any period of supervised release, probation, or parole" plus a "period of ten years after the date of discharge from probation, parole, or supervised release or release from incarceration, whichever date is most recent." Laws 2006, LB 1199 § 20. Also, persons who were required to maintain registrations in other states based upon convictions occurring prior to 1997 would not have been subject to registration under SORA when entering to Nebraska.

About the only useful insight that can be gleaned from the legislative history of LB 1199 is that subdivision (1)(a)(iv) of section 29-4003 was adopted because SORA, as originally enacted, may have had an unintended consequence of encouraging especially dangerous sex offenders to relocate to Nebraska. There is no indication in the legislative history that the Legislature gave any consideration to the meaning of "sex offender" as used in subdivision (1)(a)(iv), or that there was any intention to require the registration of persons who are adjudicated delinquent in another state while continuing to exclude persons who are adjudicated delinquent in Nebraska from the Act's registration and public notification requirements.

## *CONCLUSION*

To summarize, if A.W. had done exactly what he did in Minnesota but performed that act in Nebraska, he would not have been required to register as a sex offender and he would not be stigmatized as such. It therefore makes no sense to believe that the Nebraska statutes were intended to be more punitive to juveniles adjudicated out of state as compared to juveniles adjudicated in Nebraska. Having construed and interpreted the relevant Nebraska statute to exclude A.W., it is not necessary to resolve the Constitutional claims.

IT IS ORDERED:

1. Defendants' motion for summary judgment (Filing No. 56) is denied.

2. Plaintiffs' motion for summary judgment (Filing No. 59) is granted.

3. Judgment shall be entered by separate document, generally providing that Defendants shall be permanently enjoined from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) against Plaintiffs.

March 21, 2016.                    BY THE COURT:

                                            *s/ Richard G. Kopf*
                                            Senior United States District Judge